IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL DAVIS,** | : | |
| | : | |
| **Petitioner,** | : | CIVIL NO. 3:CV-05-1030 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |

## MEMORANDUM

**I.     Introduction**

Petitioner, Michael Davis, an inmate at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP-Allenwood"), commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. §2241. Named as Respondents are the United States Department of Justice, the Federal Bureau of Prisons ("BOP"), and USP-Allenwood Warden Williamson.

Petitioner claims he was denied due process in a disciplinary hearing held on July 21, 2004. He claims the disciplinary hearing officer ("DHO") denied his due process rights as articulated in *Wolf v. McDonnell*, 418 U.S. 539 (1974). For relief, Petitioner seeks expungement of the misconduct report. Respondent asserts that the claim is not cognizable under 28 U.S.C. § 2241, and alternatively, that the hearing complied with due process requirements, and the petition should be denied. The matter has been briefed, and it is ripe for consideration. For the reasons that follow, the petition will be denied.

**II.      Discussion**

### A. Fourteenth Amendment Protection

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property(,)'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

### Absence of Protected Liberty Interest

Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. *Torres v. Fauver*, 292 F. 3d 141, (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* However, since Petitioner's sanctions[1] did not include the loss of good conduct time, Petitioner has not identified a liberty interest in this matter.

---

[1] Petitioner was sanctioned with sixty (60) days disciplinary segregation and a change in custody classification. (*See* Doc. 1, ¶ 19).

Therefore, Petitioner's claim is not cognizable under 28 U.S.C. § 2241, and the petition will be denied. An appropriate Order follows.


Dated: July 26, 2005                              /s/ A. Richard Caputo
                                                                               A. RICHARD CAPUTO
                                                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL DAVIS,** :
:
    **Petitioner,** : **CIVIL NO. 3:CV-05-1030**
:
    **v.** : **(JUDGE CAPUTO)**
:
**U.S. DEPARTMENT OF JUSTICE,** *et al.*, :
:
    **Respondents.** :

# O R D E R

**AND NOW, THIS 26th DAY OF JULY, 2005, IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to close this case.


      /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge