IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL DAVIS,** | : |
| **Petitioner,** | : CIVIL NO. 3:CV-05-1030 |
| v. | : (JUDGE CAPUTO) |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.*, | : |
| **Respondents.** | : |

# M E M O R A N D U M

Petitioner, Michael Davis, an inmate at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP-Allenwood"), commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. §2241. Named as Respondents are the United States Department of Justice, the Federal Bureau of Prisons ("BOP"), and USP-Allenwood Warden Williamson. By Order dated July 26, 2005 (Doc. 10), the Court denied the habeas petition. Presently before the Court is Petitioner's motion for reconsideration (Doc. 12) of the Court's order denying the habeas petition. For the reasons that follow, Petitioner's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002). It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial

issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Petitioner simply reiterates his prior arguments for relief set forth in the habeas petition, and Petitioner does not set forth new evidence, a change of law, or a manifest error of law to justify reconsideration.  Accordingly, this court finds that Petitioner has not satisfied the requirements for a successful motion for reconsideration, and, therefore, Petitioner's motion (Doc. 12) will be denied.  An appropriate Order follows.


Dated: August 29, 2005            /s/ A. Richard Caputo
                                  A. RICHARD CAPUTO
                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL DAVIS,** | : |
| **Petitioner,** | : **CIVIL NO. 3:CV-05-1030** |
| v. | : **(JUDGE CAPUTO)** |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.*, | : |
| **Respondents.** | : |

## **O R D E R**

**AND NOW, THIS 29th DAY OF AUGUST, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 12) is **DENIED**.

                                                /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge